**TYLER BUSINESS SERVICES, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 81–1847.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 3, 1982.

Decided June 8, 1982.

Michael F. Marino, Washington, D. C. (Elizabeth L. Lewis, Boothe, Prichard & Dudley, Alexandria, Va., Maurice Baskin, Venable, Baetjer, Howard & Civiletti, Washington, D. C., on brief), for petitioner.

Susan L. Williams, Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., on brief), for respondent.

Before BUTZNER, PHILLIPS and ERVIN, Circuit Judges.

BUTZNER, Circuit Judge:

The sole issue in this petition for review is whether substantial evidence on the record as a whole supports the National Labor Relations Board's finding that Tyler Business Services, Inc., violated § 8(a)(1) of the Labor Act, 29 U.S.C. § 158(a)(1), by discharging Burton Lane for engaging in protected concerted activity. We deny enforcement of the Board's order.[1]

The administrative law judge found these facts. In August 1979 Lane asked a union agent for information about organizing Tyler's employees. From time to time he secretly spoke to several other employees, but the company's officers did not learn of his union activity until after they had decided to fire him in December 1979.[2] While on a date in the fall of 1979 with one of the company's most important customers, Lane asked if she had heard the rumor that the company's president and vice-president were having an affair. During this conversation, Lane also said a part-time employee had been unfairly discharged and that part-time employees had no hospitalization insurance.[3] The company's president discharged Lane because of his remarks to the customer.

The administrative law judge also found that Lane was not engaged in an organizing effort when he talked to the customer. He found nothing in the evidence to show that the statements were made with an intent to help the company's employees. Consequently, he concluded that Lane was not engaging in protected concerted activity, and he dismissed the complaint.

The Board accepted the administrative law judge's credibility findings, but it rejected his findings that Lane was not engaged in organizing activities and that he did not intend to further the cause of the employees when he spoke to the customer. With one member dissenting, it held that as a matter of law Lane's complaint to the customer about part-time employees was protected concerted activity.

In agreement with the administrative law judge and the dissenting member of the Board, we find that the evidence is insufficient to sustain the Board's order. To establish that a single employee is engaged in protected concerted activity, the evidence must show that he is seeking either to enforce a bargaining agreement, to induce group action, or to act on behalf of other employees. Personal concerns or missions are insufficient to demonstrate concerted action. *Blaw-Knox Foundry v. NLRB*, 646 F.2d 113, 115–16 (4th Cir. 1981). Measured by these standards, the evidence falls far short of proving that Lane was engaged in concerted action when he talked with the customer while on a date. Lane did not testify that he was enlisting the customer's aid or sympathy in behalf of the company's employees. On the contrary, he testified that he tried to keep his friendship with the customer separate from his work. Indeed, he stated that he had no recollection of talking with the customer about part-time employees or their hospital benefits. Consequently, we conclude that the record as a whole does not furnish substantial evidentiary support for the Board's ruling that Lane was discharged for engaging in protected concerted activity.

ENFORCEMENT DENIED.

---

1. The Board's decision and order are reported at 256 N.L.R.B. No. 88, 107 L.R.R.M. (BNA) 1294, 1980–81 NLRB Dec. (CCH) ¶ 18,150 (1981).

2. Because of the company's lack of knowledge about Lane's union activities, the administrative law judge held that this discharge did not violate § 8(a)(3), 29 U.S.C. § 158(a)(3). The Board did not disturb this ruling.

3. The administrative law judge apparently based this finding on the testimony of the vice-president who said that the customer informed her of Lane's remarks about the part-time employees and the lack of hospitalization benefits. The customer and Lane testified that they did not recall discussing this subject when Lane recounted the rumor about the company's officers. The customer stated, however, that Lane may have mentioned this on another occasion. We accept the administrative law judge's finding.