**TYLER BUSINESS SERVICES, INC., Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 81–1847.**

United States Court of Appeals, Fourth Circuit.

Submitted Aug. 3, 1982.

Decided Nov. 24, 1982.

Rehearing and Rehearing En Banc Denied Feb. 7, 1983.

---

Michael F. Marino, Elizabeth L. Lewis, Boothe, Prichard & Dudley, Fairfax, Va., Michael E. Avakian, Center on National Labor Policy, North Springfield, Va., for petitioner.

Susan L. Williams, William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Washington, D.C., for respondent.

Before PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Following our decision in *Tyler Business Services, Inc. v. NLRB,* 680 F.2d 338 (4th Cir.1982), denying enforcement of an order of the National Labor Relations Board, Tyler moved for an award of costs and attorney's fees pursuant to the Equal Access to Justice Act.[1] We grant Tyler's motion.

I

The Act requires an award of attorney's fees to a qualified party prevailing

---

1. Pub.L. No. 96–481, 94 Stat. 2325 (1980), 28  U.S.C. § 2412.

against the United States [2] unless the court finds that "the position of the United States was substantially justified or that special circumstances make an award unjust." [3] The legislative history discloses that this standard is intended to be between an automatic award of fees to a successful party and an award of fees only when the government's position is arbitrary or frivolous.[4] In applying this standard, we are guided by the legislative history of the Act which states:

> The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made. In this regard, the strong deterrents to contesting Government action require that the burden of proof rest with the Government.[5]

In addition, the legislative history teaches that in cases "where a party has had to engage in lengthy administrative proceedings before final vindication of his or her rights in the courts, the government should have to make a strong showing to demonstrate that its action was reasonable." [6] The legislative history, however, admonishes that the standard which it prescribes "should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the Government to establish that its decision to litigate was based on a substantial probability of prevailing." [7]

■ Consideration also must be given to the phrase "position of the United States," which is not defined in the Act. We believe "position" should be read to mean the government's position as a party in prosecuting or defending the litigation at whatever level is under review for the awarding of attorney's fees.[8] The distinction which the Act draws between proceedings at the agency level and proceedings on judicial review as well as the legislative history appears to support this reading.

The House report on the Act states that in regard to review of agency adjudications, the government must "make a positive showing that its position and actions *during the course of the proceedings* were substantially justified." [9] The report states this standard should also apply in reviewing the government's position in judicial proceedings.[10] For example, the government's preliminary decision to institute an administrative proceeding may not justify an award of attorney's fees. This circumstance, however, would not preclude an award, if at subsequent stages of the administrative process or upon judicial review it appears

---

**2.** Tyler has prevailed in this litigation. Also, the Board does not contest Tyler's qualifications under the definition of "party" as set forth in 28 U.S.C. § 2412(d)(2)(B).

**3.** 28 U.S.C. § 2412(d)(1)(A) provides:
Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
The Board has adopted regulations to implement its administration of the Act. *See* 29 C.F.R. §§ 102.143–.155 (1982).

**4.** *See* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 14 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News, 4953, 4993.

**5.** *Id.* at 10, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4989.

**6.** *Id.* at 18, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4997.

**7.** *Id.* at 11, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4990.

**8.** *Cf. Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 352 (D.D.C.1982); *Alspach v. District Dir. of Internal Revenue,* 527 F.Supp. 225, 228 (D.Md.1981).

**9.** H.R.Rep. No. 1418, 96th Cong., 2d Sess. 13 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 4992 (emphasis added).

**10.** *See id.* at 18, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4997.

that the government's position at these levels of litigation was not substantially justified.

■ Finally, we must distinguish between the actions of the Board itself and the actions of its general counsel. The general counsel performs the functions of investigation and prosecution, while the Board acts as adjudicator.[11] Only the reasonableness of the general counsel's position is under consideration here and not the position of the Board as adjudicator. References to "the Board," therefore, refer only to the Board's action as adjudicator.

## II

The complaint alleged that Tyler's officers violated § 8(a)(1) of the Labor Act on two occasions by threatening employees and that it violated § 8(a)(3) and (1) by discharging an employee, Burton H. Lane. The administrative law judge found that none of the allegations had been proved and dismissed the complaint.

■ The Board affirmed all the rulings of the administrative law judge except with respect to the discharge of Lane.[12] With one member dissenting, the Board held that remarks attributed to Lane while he was on a date with a customer were protected concerted activity.

Lane, although aggrieved by his discharge, never claimed he was engaged in protected concerted activity while he was dating. On the contrary, he testified he kept his friendship with the customer separate from his work and had no recollection of discussing conditions of employment with her. Lane attributed his discharge to other unfair labor practices, which were not sustained by the evidence.

The general counsel has not shown that his position in his petition for enforcement in this court was substantially justified. Our conclusion is not based simply on the general counsel's lack of success before the administrative law judge and in this court. Those circumstances, standing alone, would be insufficient to warrant an award.

The difficulty with the general counsel's position is its lack of a reasonable factual basis. In his initial brief on the merits in which he sought enforcement of the Board's order and in his brief in opposition to Tyler's fee application, the general counsel did not advert to Lane's testimony that he had no recollection of making the statements on which the Board based its decision and Lane's disclaimer that he was engaged in protected concerted activity. The general counsel simply failed to address this hiatus in his proof, and he offered no rational explanation for it. Finally, the general counsel has suggested no special circumstances that make an award unjust.[13]

## III

■ Tyler has claimed attorney's fees incurred in proceedings before the Board. Although § 2412(d)(3) [14] authorizes review-

11. 29 U.S.C. § 153(d) provides in part: "[The general counsel] shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints . . . and in respect of the prosecution of such complaints before the Board . . . ." Explaining the provisions of the Taft-Hartley Act, one commentator has stated: "In unfair labor practice cases, the five Board members retained the power to adjudicate, but the functions of investigation and prosecution were (and are today) assigned to the General Counsel . . . ." R. Gorman, *Basic Text on Labor Law* 7 (1976).

12. The facts pertaining to this incident are fully set forth in the decisions of the Board and administrative law judge, *see* Tyler Business Services, Inc., 256 NLRB 567, 567–68, 570–72

(1981), and our previous opinion, *see* 680 F.2d at 339.

13. Apparently the only other court of appeals decision dealing with an application for a fee award against the NLRB is *Wyandotte Savings Bank v. NLRB*, 682 F.2d 119 (6th Cir.1982). We agree with the standards set forth in that opinion, but differences in the issues of the underlying litigation render its denial of fees inappropriate precedent for the factual situation presented here.

14. 28 U.S.C. § 2412(d)(3) provides:
 In awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication, as defined in [5 U.S.C. § 504(b)(1)(C) ], . . . the court shall include

ing courts to award fees incurred at the administrative level, Tyler's application is barred by the effective date of the Act.

Section 208 of the Act provides that its provisions apply to any adversary adjudication or civil action pending on or commenced after October 1, 1981.[15] The proceedings before the Board ended on August 17, 1981, when Tyler's motion for reconsideration was denied. Because the Act clearly distinguishes between proceedings at the agency level and proceedings on judicial review, we conclude that the administrative proceedings were not pending on October 1, 1981. *Accord, S & H Riggers & Erectors, Inc. v. OSHRC,* 672 F.2d 426, 428 (5th Cir. 1982).

### IV

 Tyler also has sought recovery of fees related to the proceedings in this court incurred prior to October 1, 1981. Tyler petitioned for review in this court on August 18, 1981, and the general counsel subsequently cross-petitioned for enforcement. The petitions were pending when the Act became effective. Although the general counsel asserts such fees are not recoverable, we find his argument unpersuasive.

The Act's test for recovery of attorney's fees is whether the case was pending on or after October 1, 1981, and not when the fees were incurred. The Supreme Court previously has approved fee awards for work performed before the effective date of the applicable authorizing statute. *See Hutto v. Finney,* 437 U.S. 678, 694 n. 23, 98 S.Ct. 2565, 2575 n. 23, 57 L.Ed.2d 522 (1978) (Civil Rights Attorney's Fees Awards Act); *Bradley v. School Board of the City of Richmond,* 416 U.S. 696, 711–21, 94 S.Ct. 2006, 2016–21, 40 L.Ed.2d 476 (1974) (Educational Acts Amendments of 1972). Be-

cause the statutes involved in those cases and the Equal Access to Justice Act address similar concerns, the rationale of *Bradley* and *Hutto* applies here. *See Underwood v. Pierce,* 547 F.Supp. 256, 260–61 (C.D.Cal. 1982); *Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 351–52 (D.D.C.1982).

### V

 Counsel are requested to confer in an effort to settle the allowance of fees.[16] If they are unable to agree within a reasonable time, Tyler should submit a revised application for fees that is consistent with this opinion. Tyler must show the number of hours expended for the appellate proceedings and the rate per hour that it seeks. Tyler will be limited, in accordance with the Act, to attorney's fees at a rate no higher than $75 per hour.[17] The amount of recovery may include the time spent preparing and prosecuting the motion for attorney's fees. *See Young v. Kenley,* 641 F.2d 192, 195 (4th Cir.1981). The clerk is directed to review the application and the comments of the general counsel, if any, and submit his findings to the court with copies to counsel. The parties may file objections, and the court will review the clerk's findings de novo.

MOTION GRANTED.

in that award fees and other expenses to the same extent authorized in [5 U.S.C. § 504(a)], unless the court finds that during such adversary adjudication the position of the United States was substantially justified, or that special circumstances make an award unjust.

**15.** *See* 94 Stat. 2330 (1980); 5 U.S.C. § 504 note.

**16.** *Cf.* 29 C.F.R. § 102.151 (1982).

**17.** *See* 28 U.S.C. § 2412(d)(2)(A). Tyler has applied for fees at rates from $30 to $120 an hour. It has failed, however, to show any compelling factor or special reason for allowing it to recover at more than the statutory rate.