**Denise Marie LACY, Plaintiff,**

v.

**John LEHMAN, Secretary of Navy, J.D. Watkins, Chief of Naval Operations; David L. Harlow, Commander, Naval Military Personnel Command; C.T. Vaught, Commanding Officer, Naval Station San Diego; R.T. Colley, Commanding Officer, Enlisted Personnel, Naval Station San Diego, Defendants.**

**Civ. No. 83–0316–JLI(I).**

United States District Court,
S.D. California.

April 15, 1983.

A.P. Zmurkiewicz, San Diego, Cal., for plaintiff.

Peter K. Nunez, U.S. Atty., Raymond J. Coughlan, Jr., Asst. U.S. Atty., San Diego, Cal., for defendant.

## MEMORANDUM DECISION AND ORDER

IRVING, District Judge.

## BACKGROUND

This action was filed on February 7, 1983, by plaintiff seeking declaratory, mandatory and injunctive relief and a motion for temporary restraining order. The government did not oppose issuance of the temporary restraining order. At motion hearing February 8, 1983, the government requested one week to look into plaintiff's allegations and in the meantime the Navy would agree not to discharge plaintiff from active status. The court entered the temporary restraining order. On February 16, 1983, the United States Attorney confirmed by telephone that a naval message had been issued ordering that plaintiff not be discharged. The following day, February 17, the parties appeared in court to make the previous events a matter of record. At this point the temporary restraining order had lapsed; the court made a decision that entry of preliminary injunction would be unnecessary. A copy of the aforementioned naval message was sent to the court (and plaintiff's counsel) February 24, 1983. Plaintiff remains in the Navy. Stipulation for dismissal of action was filed March 4, 1983.

Plaintiff now files an Application for Costs and Attorney's Fees pursuant to 28 U.S.C. § 2412. This application came on for hearing March 28, 1983. Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at the hearing, and for the reasons set forth herein, plaintiff's application for an award of costs and fees is denied.

## FACTS

In January of 1983, the Navy ordered that the plaintiff be discharged from her active status based on "personality disorder." On February 5, 1983, plaintiff filed a form 149 application for correction of military records under the provisions of 10 U.S.C. § 1552. Before any action was taken on that application, plaintiff's complaint was filed in this court.

Plaintiff's complaint alleged that the Navy violated its internal regulations in discharging her on the basis of a personality disorder. She claimed there was no current psychological finding that she presently had a personality disorder which would significantly impair her ability to function in the Navy.

## CONTENTIONS OF THE PARTIES

Plaintiff's application concludes that the discharge was improperly brought and, therefore, pursuant to 28 U.S.C. § 2412 plaintiff is entitled to her costs and fees.

28 U.S.C. § 2412(d)(1)(A) provides:

"Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action .... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The government concedes that plaintiff is a "prevailing party" (Government opposition papers at p. 6); however in order for plaintiff to qualify for costs and attorney's fees, the court must find that "the position of the United States" was not substantially justified.

## DISCUSSION

The threshold issue becomes the proper definition of "position of the United States." There has been disagreement as to whether this refers to "position of the United States" as a litigation position or the underlying administrative action sued upon.

Though not defined in the Act, the Circuit Courts have generally defined the phrase "position of the United States" as the government's position as a party in prosecuting or defending litigation—and this court adopts that prevailing view. *See Tyler Business Services v. N.L.R.B.,* 695 F.2d 73, 75 (3rd Cir.1982). The House report on the Act would confirm this distinction, stating, in regard to review of agency adjudication, the government must "make a positive showing that its position and actions during the course of the proceedings were substantially justified." [1980] U.S. Code Cong. & Ad.News 4992.

This court notes strong reason for restricting the award of attorney's fees to those cases where the position taken in litigation was not substantially justified. Though on the one hand we acknowledge the importance of protecting plaintiffs from arbitrary handling at the administrative level, at the same time we want to commend reasonable conduct on the part of the United States Attorney, who, after all, is the government's legal expert and advisor, and encourage their action in conceding a case where the plaintiff has been clearly wronged. If attorney's fees were to be awarded in any event, then the government would have no incentive to concede, but might litigate a frivolous position on the chance of prevailing.

Furthermore, we do not wish to assess inordinate costs against the government. Adopting a rule such as plaintiff suggests would result in an award of attorney's fees anytime plaintiff prevailed in a law suit, as plaintiff could always then at that time argue that the government's underlying administrative position was not "substantially justified."

This court notes finally—and wholly apart from our finding that the "position of the United States" refers to the litigation position—that the underlying administrative position taken by the Navy in discharging plaintiff, was substantially justified. Plaintiff was absent without leave for 136 days in 1982; she was court martialed and convicted for that offense. She refused to be sent to a duty station to which she was assigned. Additionally, she has a history of emotional and personality problems questionably consistent with military discipline.

## CONCLUSION

The court finds that the government's position with respect to plaintiff has been substantially justified both in litigation and at the underlying administrative level. Therefore, plaintiff has not met the provisions necessary for an award of costs and attorney's fees as provided for by 28 U.S.C. § 2412. Plaintiff's application is therefore denied.

Let judgment be entered accordingly.