842 F.2d 1290
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jennie Marie GREENE, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 86-3138.
 United States Court of Appeals, Fourth Circuit.
 Argued April 7, 1987.
Decided March 8, 1988.
 
 Stephen Read Berndt, Legal Services of the Blue Ridge, for appellant.
 Clifford Carson Marshall, Jr., Assistant United States Attorney (Charles R. Brewer, United States Attorney, on brief), for appellee.
 Before WIDENER and CHAPMAN, Circuit Judges and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 After this court held that Ms. Greene was entitled to disability insurance and supplemental security income benefits under the Social Security Act, see Greene v. Heckler, No. 85-1173, slip op. (4th Cir. February 27, 1986) (unpublished), she sought an award of attorneys' fees under the Equal Access to Justice Act. The district court refused to award attorneys' fees, and the plaintiff has appealed, contending primarily that this court's holding that the administrative denial of benefits was unsupported by substantial evidence had conclusively established her entitlement to attorneys' fees. We recently considered the same contention in Pullen v. Bowen, 820 F.2d 105 (4th Cir.1987), and rejected it.
 
 
 2
 Under the Equal Access to Justice Act, litigants in civil cases not sounding in tort who prevail over the United States are entitled to an award of attorneys' fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. Sec. 2412(d)(1)(A). Under 28 U.S.C. Sec. 2412(d)(2)(D), the "position of the United States" includes the litigating position of the United States in the civil action as well as the government's act or failure to act which forms the basis of the civil action. Thus, Greene would be entitled to an award of attorneys' fees if either the government's litigating position in the courts or the Secretary's underlying actions were not substantially justified.
 
 
 3
 It does not follow, however, that this court's holding that the administrative denial of benefits was unsupported by substantial evidence is a determination that the position of the United States was not substantially justified. This we held in Pullen v. Bowen.
 
 
 4
 This court's earlier decision on the merits was a determination that the Secretary's position was incorrect, but Greene is not entitled to an award of attorneys' fees unless the government's position was unreasonable either in fact or law. Guthrie v. Schweiker, 718 F.2d 104, 108 (4th Cir.1983); Tyler Business Services v. NLRB, 695 F.2d 73, 75 (4th Cir.1982). Fee awards are designed to penalize unreasonable behavior by government agencies and officials without impairing the vigor and flexibility of the government's litigating capacity. Pullen v. Bowen, supra.
 
 
 5
 We think the district judge properly concluded that the government's position was not so unreasonable as to warrant an award of attorneys' fees.
 
 
 6
 Greene has a long history of a mental disorder. She was hospitalized for it in 1961, again in 1963 and yet again in 1964. The general diagnosis at the time was schizophrenic reaction, chronic undifferentiated type. She received intermittent outpatient care between her stays in the hospital.
 
 
 7
 There then began, however, a long period of sustained remission. For 16 years after her hospitalization in 1964, she received no institutional care and she was able to work as a maid and as a dishwasher. It was not until 1980 that there was any recurrence of the mental illness that had been evident in the early 1960's. Thereafter, however, she was the recipient of institutional care on several occasions. On at least one of those occasions, her acute condition apparently was precipitated by emotional trauma arising out of her domestic situation.
 
 
 8
 Greene had left school after the eighth grade in order to help support herself and her family. She had never married. In the 1980's, she was living in the same household with her brother, who was also unmarried. Then, however, the brother's girlfriend moved in with him, causing great emotional upset to Greene.
 
 
 9
 The administrative denial of benefits was based upon the view that Greene's mental problems were insufficiently persistent. The position was buttressed by medical reports suggesting that the only evidence of mental abnormality was periods of anxiety and depression and somewhat questionable paranoid thinking. At the same time, her cognitive function was said to be unimpaired and her insight and judgment were fair. There was also a medical report that, while Greene had a quick temper, the primary reason for her unemployment was lack of motivation.
 
 
 10
 At the same time, it seems to have been conclusively established that Greene did suffer from a schizo-affective disorder. Because the condition is characterized by unpredictable behavior, is recurrent, and is generally regarded as incurable, this court concluded that Greene met the listing in 20 C.F.R., Part 404, Subpart P, App. 1, Sec. 12.03. Predictable recurrence provided the necessary persistence.
 
 
 11
 While, as indicated, this court's decision on the merits was a judicial determination that the Secretary's position in Greene's case was incorrect, the answer was not so obvious as to make the government's attempt to persuade the court that Greene's mental condition was not actually disabling so unreasonable as to require an award of attorneys' fees. The government should be free to litigate some cases where it is at risk of losing. It should incur the penality of an award of attorneys' fees only when the risk of losing is sufficiently great as to make unreasonable the government's persistence in its position.
 
 
 12
 AFFIRMED.