Alice THROCKMORTON,
Plaintiff–Appellant,

v.

U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,
Defendant–Appellee.

No. 90–2011.

United States Court of Appeals,
Fourth Circuit.

Submitted July 10, 1990.

Decided Aug. 15, 1990.

Amended by Order Nov. 29, 1990.

---

**296**

Louis Fireison, Daniel J. Blum, Louis Fireison & Associates, P.A., Bethesda, Md., for plaintiff-appellant.

Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Sec. Litigation Div., Moira B. Rosenberger, Asst. Regional Counsel, Office of Gen. Counsel, Dept. of Health and Human Services, Philadelphia, Pa., Breckinridge L. Willcox, U.S. Atty., Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., for defendant-appellee.

Before CHAPMAN and WILKINSON, Circuit Judges, and HAMILTON, District Judge for the District of South Carolina, sitting by designation.

HAMILTON, District Judge:

Alice Throckmorton (Throckmorton) appeals the decision of the district court denying her application for an award of attorney's fees under the Equal Access to Justice Act (EAJA or Act). Because we agree the Secretary of Health and Human Services (Secretary) was substantially justified in denying her claim for widow's insurance benefits (WIB or benefits), we affirm.

## I.

Throckmorton filed an application for widow's insurance benefits on November 5, 1981. At issue during the merits stage of this action was whether her impairments, taken together, met or were the medical equivalent of an impairment contained in 20 C.F.R. Subpart P, Appendix 1 (the listings). Throckmorton's application was denied in March 1982, as was a request for reconsideration. Subsequently, Throckmorton sought a hearing before an administrative law judge (ALJ), who granted benefits after a hearing in his decision dated August 22, 1983. Reviewing the ALJ's decision, *sua sponte*, the Appeals Council reversed and denied benefits on June 29, 1984. Throckmorton filed an action for judicial review of the final decision of the Secretary on August 3, 1984.

Following submission of the parties' cross-motions for summary judgment, the district court issued an order on June 19, 1985, adopting the magistrate's recommendation that the case be remanded for further administrative proceedings. The ALJ held a supplemental hearing on August 29, 1985, and received the testimony of Dr. John P. Adams, a board-certified orthopedic surgeon and a medical advisor to the Secretary. Throckmorton and her attorney were apparently unable to attend this hearing because of a scheduling conflict. On September 9, 1985, the ALJ issued his decision denying appellant's claim for WIB.

Following remand by the Appeals Council to provide appellant and her attorney an opportunity to present testimony and examine the witnesses, a second supplemental hearing was held by a second ALJ. At this hearing, the ALJ received testimony from Dr. Adams and Dr. Terry A. Teplitz, also an advisor to the Secretary and board-certified in psychiatry and neurology. The ALJ's October 23, 1986, decision denying appellant's claim was adopted by the Appeals Council on November 25, 1986, as the final decision of the Secretary. The magis-

trate determined that the Secretary's decision was supported by substantial evidence, and thus recommended affirmance of the Secretary's decision to deny WIB. On August 23, 1988, the district court rejected the magistrate's recommendation, granted the appellant's motion for summary judgment, and awarded Throckmorton benefits.

During the administrative stage of this action, the appellant, who carried the burden of establishing entitlement to WIB, presented testimonial evidence and certain medical reports and correspondence from her treating physicians primarily before the district court's remand order. Pursuant to the district court's remand order, the Secretary proffered the opinions of Drs. Adams and Teplitz, who each separately reviewed the appellant's medical evidence and gave an opinion as to whether her impairments, taken together, were the medical equivalent of an impairment in the listings.

The following evidence was provided by Throckmorton's treating and examining physicians prior to remand. Dr. George Schonholtz, an orthopedic surgeon, stated that Throckmorton had very limited range of motion of the cervical spine in flexion, extension, and rotation. However, he found her reflexes to be intact in all four extremities, and failed to document evidence of motor or sensory abnormalities. Dr. Schonholtz diagnosed cervical spondylosis and cervical radiculopathy (Tr. 78–83) and prescribed pain medication. Dr. Ira Krefting, a treating internist, diagnosed Throckmorton's major problems as cervical spondylosis, cervical radiculopathy, and hypertension. Although determining Throckmorton's hypertension was stable, Dr. Krefting concluded she suffered from cervical arthritis which caused limited range of motion and continuing pain. Throckmorton was continued on her pain medication (Tr. 84–85).

Dr. John A. Galotto, a board-certified internist, found extreme tenderness of the posterior neck muscles bilaterally and noted Throckmorton could not rotate her head more than ten degrees to the left or right and had only about fifteen degrees of flexion and hyper-extension without having severe pain (Tr. 88). Dr. Galotto determined Throckmorton had good strength in her arms with no sign of atrophy. He also stated she had full range of motion at the wrists, shoulders, and hips. Dr. Galotto's diagnosis was severe cervical osteoarthritis and paravertebral muscle spasm, chronic pain, and lack of mobility of the neck. He did not believe Throckmorton was capable of performing any full-time work until she obtained better relief of her problem (Tr. 88), but did not proffer an opinion as to whether her impairments were the medical equivalent of any impairment in the listings.

■ Dr. Herbert Baraf, Throckmorton's treating rheumatologist, stated that she was not a candidate for employment, sedentary or otherwise. In support of his opinion, Dr. Baraf stated that Throckmorton had diffuse osteoarthritis involving her wrists, hands, neck, shoulders, and low back. He stated Throckmorton was unable to stand on her feet for any period of time and could not be reliably counted upon to hold a pen or type (Tr. 93).[1]

The Secretary determined, prior to remand, that Throckmorton's impairments most closely approximated section 1.05(C) ("Other vertebrogenic disorders") of the listings contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. For a finding of disability, section 1.05(C) requires the claimant to demonstrate:

1. Pain, muscle spasm, and significant limitation of motion in the spine; and

2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

The Secretary determined the evidence supported a finding that Throckmorton experienced pain, muscle spasm, and limitation of

---

1. Dr. Baraf did not document his conclusions with attached clinical findings, but rather summarily stated his conclusions in two one-page letters (Tr. 93, 98). Section 404.1526(b), 20 C.F.R., provides in pertinent part: "Any medical findings in the evidence must be supported by medically acceptable clinical and laboratory diagnostic techniques." Thus, under the regulations, the Secretary could have properly disregarded Dr. Baraf's diagnosis.

motion, but did not reveal evidence of motor, reflex, or sensory abnormalities also required under section 1.05(C)2.

In its remand order, the district court instructed the Secretary to examine Throckmorton's record, through use of a physician or physicians designated by the Secretary pursuant to 20 C.F.R. § 404.1526, to determine whether Throckmorton's impairments, taken together, were the medical equivalent of one of the listings. Pursuant to this directive, the Secretary obtained the testimony of two medical advisors, Drs. Adams and Teplitz.

Based upon his examination of all the medical evidence, Dr. Adams testified that although Throckmorton satisfied the first requirement of section 1.05(C), she did not satisfy the second requirement of that provision (Tr. 153–54). At the second supplemental hearing, Dr. Adams testified that Throckmorton's impairments, whether viewed individually or in combination, were not the medical equivalent of an impairment contained in the listings during the relevant period for purposes of entitlement to WIB (Tr. 196). Based on his review of a report by Dr. Jose Muratorio, a psychiatrist, and Dr. Krefting's statement that plaintiff was depressed, Dr. Teplitz testified that Throckmorton did not have a mental impairment which met or equalled any of the impairments contained in the listings (Tr. 184). Dr. Muratorio detected no mental impairment during an examination conducted after remand (Tr. 208–10). Rather, he diagnosed chronic pain syndrome and psychological factors affecting physical condition (Tr. 209).

After obtaining opinions from medical experts in accordance with the district court's remand order, the Secretary determined that Throckmorton did not have a condition, whether viewed singly or in combination, which met or equalled an impairment contained in the listings during the relevant time period. Initially, the magistrate concluded that the Secretary's position was supported by substantial evidence and should be affirmed. According to the magistrate, Dr. Adams' determination that Throckmorton's combined impairments did not constitute the medical equivalent of any impairment in the listings was not contradicted by any other medical evidence of record. The district court declined to adopt the recommendation of the magistrate, however, and awarded benefits to Throckmorton on grounds that no persuasive evidence existed to counter the findings of her treating physicians.

Throckmorton subsequently filed an application for attorney's fees under the EAJA, requesting $18,525 for 148.20 hours of work. The magistrate issued a report and recommendation on February 28, 1989, denying appellant's request for attorney's fees on grounds the Secretary's position was substantially justified. The district court adopted the magistrate's report and recommendation on October 2, 1989, and this appeal followed.

## II.

■ A party which prevails in a suit against the United States may be entitled to an award of attorney's fees pursuant to the EAJA. According to the Act,

a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Because the district court did not find any special circumstances which would make an award unjust, the sole issue on this appeal is whether the district court abused its discretion in determining that the Secretary's decision to deny WIB to Throckmorton was substantially justified.

The definition of substantially justified was recently clarified by the Supreme Court. Acknowledging that the appellate courts had reached different conclusions, the Court defined substantially justified as follows:

We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one

most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main"—that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue....

*Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (citing, among other things, *Anderson v. Heckler*, 756 F.2d 1011, 1013 (4th Cir. 1985)). In other words, although substantially justified means more than "merely undeserving of sanctions for frivolousness," 108 S.Ct. at 2550, the government can be wrong and its position substantially justified if "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* n. 2. The Secretary carries the burden of demonstrating that its position was substantially justified. *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir.1988). The *Pierce* Court instructed that an abuse of discretion standard should be employed at the appellate level. *Id.* at 2547–48. *See Lively*, 858 F.2d at 180.

Throckmorton contends the Secretary's position was not substantially justified because there was no competent evidence in the record supporting its position, noting that the district court found the Secretary's evidence insufficient as a matter of law. Throckmorton also alleges that all of her treating physicians indicated a complete and permanent disability, and notes the district court's conclusion that the Secretary presented no persuasive contradictory evidence during the administrative process.

As an initial matter, the Secretary notes that Throckmorton, in seeking an award of WIB, was held to a stricter statutory standard than that applicable to disabled wage earners. *See Cook v. Heckler*, 783 F.2d 1168, 1170 (4th Cir.1986) ("Congress intended to establish a stricter standard for disabled widows and widowers than for disabled wage earners."). The Secretary also relies upon the testimony of the two medi-

cal advisors, both of whom testified, pursuant to the district court's directive, that Throckmorton's impairments did not meet or equal any impairment in the listings during the relevant time period. Although acknowledging the district court ultimately concluded Throckmorton was eligible for benefits, the Secretary notes the court did not specifically find that her impairments met or equalled any of the listings during the relevant time period. Appellee also notes that the magistrate recommended affirmance of the Secretary's decision because it was based directly on the "uncontradicted testimony" of the two medical advisors, Drs. Adams and Teplitz. Appellee argues this Circuit has recognized that the opinion of nonexamining, nontreating physicians can constitute substantial evidence to support a finding of nondisability, *Smith v. Schweiker*, 795 F.2d 343, 345–46 (4th Cir.1986), as implicitly revealed through the district court's remand directing the Secretary to appoint physician(s) to examine "the record." Although the district court chose not to accept the testimony of the medical advisors, appellee argues the Secretary's decision was nonetheless reasonable as evidenced by the magistrate's recommendation of affirmance on the merits and the district court's denial of appellant's request for fees under the EAJA.

In the present action, the magistrate premised his rejection of appellant's application for an award of attorney's fees on the uncontradicted testimony of Dr. Adams, who testified that Throckmorton's impairments in combination did not meet or equal any impairment found in the listings (Tr. 196). Noting that Throckmorton's burden was to show that her impairments, either singly or in combination, met or equalled a listing, 20 C.F.R. §§ 404.1577 and 1578, the magistrate found that the Secretary's position was substantially justified in light of Dr. Adams' testimony (Joint Appendix, p. 23). After de novo review of the entire matter, the district court adopted the magistrate's report and recommendation and denied Throckmorton's application for attorney's fees and costs under the EAJA.

In *Pullen v. Bowen*, 820 F.2d 105 (4th Cir.1987), the court affirmed the district

court's denial of appellant's petition for an award of attorney's fees under the EAJA. Applying a de novo standard of review, the court determined that "fee shifting [was] not automatic and the reversal of an agency for lack of substantial evidence does not raise a presumption that the agency was not substantially justified." *Id.* at 108. Rather, the government shouldered the burden of showing that the denial of benefits was substantially justified. *Id.* Noting Pullen's case required government attorneys and an administrative law judge to make difficult judgments on the evidence, the court concluded that although an award of benefits was appropriate, an award of fees under the EAJA was not. *Id.* at 109–10.

Indeed, even under the de novo standard of review formerly employed by this Circuit, fees have not been awarded under the EAJA except where the Secretary's position is best characterized as "feeble." [2] Although noting the government was not automatically liable for attorney's fees every time the Secretary lost a case, the court in *Smith v. Heckler,* 739 F.2d 144 (4th Cir. 1984), found the claimant entitled to an award of fees where the decision of the Secretary was rejected by both the magistrate and district court, and the medical opinion on which the Secretary relied after remand was not even responsive to the very question which the district court ordered to be addressed on remand. *Id.* at 147.

Unlike in *Smith,* however, the Secretary initially denied appellant's application for WIB because Throckmorton failed to present medical evidence demonstrating "evidence of motor, reflex or sensory abnormalities ... or other medical findings of equal or greater clinical significance" (Tr. 6), the second requirement under section 1.05(C). After remand, the Secretary again

denied Throckmorton's application for WIB because she failed to present evidence of the second requirement under section 1.05(C) (Tr. 154), and because she failed to demonstrate, in the Secretary's view, that her impairment(s) met or equalled any impairment in the listings. Additionally, unlike in *Smith,* where both the magistrate and the district court agreed that reversal of the Secretary was justified, in the present case the magistrate determined that substantial evidence supported the decision of the Secretary to deny Throckmorton's application for WIB.

Significantly, the Secretary's position was reasonable enough to convince the magistrate that substantial evidence in the record supported the Secretary's final decision. Put simply, the Secretary's determination that Throckmorton was not disabled, although ultimately incorrect, was substantially justified in light of the testimony of Drs. Adams and Teplitz and the close question of whether Throckmorton proffered sufficient evidence on the second requirement under § 1.05(C), namely, medical evidence revealing that she suffered from motor, reflex, or sensory abnormalities.[3]

### III.

We have determined that the briefs and record were sufficient and have granted appellee's motion to decide this case without oral argument.

Based on the foregoing reasoning and cited authorities, we conclude the district court did not abuse its discretion in denying Throckmorton's application for attorney's fees under the EAJA. Accordingly, the district court's judgment is hereby

AFFIRMED.

---

2. The *Pierce* Court used the term "feeble" to describe cases where the government's case is so weak as to provide grounds for an EAJA award. 108 S.Ct. at 2547.

3. Interestingly, the district court never specifically found that Throckmorton's impairments met or equalled any impairment in the listings. This observation also supports the reasonable-

ness of the Secretary's position, inasmuch as the district court did not specifically disagree with the Secretary's determination that Throckmorton's impairments, when viewed in combination, were not the medical equivalent of an impairment in the listings during the relevant time period.