Betty A. JONES, Plaintiff,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. G81–326 CA.

United States District Court, W.D. Michigan, S.D.

June 3, 1983.

Mark C. Meyer, Legal Aid of Western Michigan, Grand Rapids, Mich., for plaintiff.

Phillip I. Morse, Asst. U.S. Atty., Grand Rapids, Mich., for defendant.

## OPINION ON MOTION FOR ATTORNEYS' FEES.

MILES, Chief Judge.

The plaintiff filed this action on June 19, 1981, to review a final decision of the Secretary finding her not entitled to disabled widow's insurance benefits. *See* 42 U.S.C. §§ 402(e)·& 405(g) (Supp. IV 1980 & Supp. V 1981). In a February 23, 1982, opinion this court held that the Secretary's conclusion was not supported by substantial evidence. Therefore, the plaintiff's motion for summary judgment was granted, the defendant's motion for summary judgment was denied, and the case was remanded for the awarding of benefits.

The court subsequently awarded the plaintiff attorneys' fees of $1,065 under section 206(b) of the Social Security Act. *Id.* § 406(b). Through her counsel, Legal Aid of Western Michigan, the plaintiff now moves to alter or amend the order for attorneys' fees to provide that the fees be paid pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Supp. V 1981), not the Social Security Act. As a legal services organization, plaintiff's counsel may not recover fees from benefits paid to the client. An award for attorneys' fees under the EAJA, however, is paid by the defendant United States and does not reduce the amount of the client's benefits. The plaintiff also amends her application for attorneys' fees to reflect fees of $660 incurred in responding to the defendant's memorandum in opposition to the motion for fees. Therefore, the total request is for $1,725, and it reflects only services performed in connection with the instant action, not those for any proceedings below.

The Equal Access to Justice Act provides in pertinent part:

(a) Except as otherwise provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

\*     \*     \*     \*     \*     \*

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §§ 2412(a) & (d)(1)(A). The defendant argues that the act does not apply to an award for attorneys' fees in social security disability cases for several reasons.

■ First, the Secretary maintains that the Social Security Act provides the exclusive remedy for the award of attorneys' fees. He relies on the conditional language of section 2412(d)(1)(A) of the EAJA which provides for awarding of fees "[e]xcept as otherwise specifically provided by statute." Also relied upon is statutory language which states that the act is not intended to supersede any other provision of law authorizing attorneys' fees in actions involving the United States. Pub.L. No. 96–481, § 206, 94 Stat. 2330 (1980). These contentions are without merit. The legislative history indicates that the language upon which the defendant relies "is meant only to prevent [the EAJA] from applying where

other federal statutes already authorize fee awards *against the federal government.*" *Ocasio v. Schweiker,* 540 F.Supp. 1320, 1322 (S.D.N.Y.1982) (emphasis in original) (citing H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18, *reprinted in* 1980 U.S.Code Cong. & Ad. News, 4953, 4997). *See also Vega v. Schweiker,* 558 F.Supp. 52, 53 (S.D.N.Y. 1983); *Shumate v. Harris,* 544 F.Supp. 779, 782 (W.D.N.C.1982); *Wolverton v. Schweiker,* 533 F.Supp. 420, 422–23 (D.Idaho 1982). Therefore, because the Social Security Act does not provide for attorneys fees against the government, it is not an exclusive remedy.

■ The defendant Secretary maintains further that the Social Security Act itself precludes the awarding of any other fees than those provided. *See* 42 U.S.C. § 406(b)(1). That language, however, regulates the fee arrangement between a plaintiff and his attorney by limiting fees to 25% of the total past due benefits. Therefore, the provision stating that "no other fee may be payable . . . except as provided in this paragraph," *id.,* applies only to the 25% which an attorney may receive from his client's benefits award. It does not proscribe the awarding of fees from sources other than the claimant's benefits, such as the United States. *Ocasio v. Schweiker,* 540 F.Supp. at 1322.

■ Second, the defendant argues that the EAJA precludes an award for services rendered in connection with social security hearings before an ALJ. On this point, the defendant is correct. As the legislative history indicates, the bill was changed "[t]o exclude administrative proceedings under the Social Security Act." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 12, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4984, 4991. In the case at bar, however, the plaintiff seeks fees only with respect to this action, not for any proceedings below. The House report was equally clear on this point: "the United States should be liable when it is a named party and represented in a civil action under the Social Security Act." *Id.; Ocasio v. Schweiker,* 540 F.Supp. at 1321 & n. 4; *McDonald v. Schweiker,* 551 F.Supp.

327, 330–32 (N.D.Ind.1982). The instant action is brought under the Social Security Act and the United States, or its representative, is a named party with representation. *See* 42 U.S.C. § 405(g). The court can find no other language in the statute or its legislative history to indicate that actions such as the instant one do not fall within the terms of the legislation. *Hornal v. Schweiker,* 551 F.Supp. 612, 615 & n. 2 (M.D.Tenn.1982).

■ The Secretary's third argument involves the effective date of the act. He contends that because the fees are for services performed prior to the effective date of the EAJA, an award is not proper in this case. The act, however, applies to any civil action "which is pending on, or commenced on or after" October 1, 1981. EAJA, Pub.L. No. 96–481, § 208, 94 Stat. 2330 (1980), *reprinted in* 5 U.S.C.A. § 504 note (West Supp.1983). This action was pending on the effective date of the act, and the court finds no indication in the legislative history that an award is limited to those fees incurred after the effective date. The determinative factor is whether the action is pending on the effective date. If it is, and the other statutory requirements are satisfied, attorneys' fees may be awarded, regardless of when the services were rendered. *MacDonald v. Schweiker,* 553 F.Supp. 536, 541 (E.D.N.Y.1982); *McDonald v. Schweiker,* 551 F.Supp. at 329 (citing *Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 351 (D.D.C.1982); *Berman v. Schweiker,* 531 F.Supp. 1149, 1150–52 (N.D.Ill. 1982)).

The Secretary's fourth contention presents a more difficult question. He argues that the plaintiff has not "incurred" any fees within the meaning of the EAJA. 28 U.S.C. § 2412(d)(1)(A). The statute, he believes, does not contemplate monetary awards against the United States to legal services organizations because the plaintiff does not incur any expenses. Although there is some logical appeal to this argument, the court believes that such a literal interpretation of the EAJA thwarts its purpose.

In *Hornal v. Schweiker,* 551 F.Supp. 612 (M.D.Tenn.1982), the court relied on the House Report's discussion of the $75 fee limitation. The report states that computation of fees should be "based on prevailing market rates without reference to the fee arrangements between the attorney and client." H.R.Rep. No. 1418, *supra* at 15, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4994. The court reasoned that if a client agrees to fees that are less than the market rate, he would not have "incurred" the difference. The plain meaning of the statute, however, clearly allows for recovery of the full market rate. In addition, the court noted that plaintiffs who are represented without charge are "consistently awarded attorney fees under fee shifting statutes similar to the EAJA." 551 F.Supp. at 616 (citing *Washington v. Seattle School District No. 1,* 102 S.Ct. 3187, 3204 n. 31 (1982)).

*Kauffman v. Schweiker,* 559 F.Supp. 372 (M.D.Pa.1983), addressed the same question and used the same rationale. In particular, the court noted that the only authority for the government's position, *Kinne v. Schweiker,* No. 80–81 (D.Vt. June 29, 1982) (*Kinne II*), was vacated in *Kinne v. Schweiker,* No. 80–81 (D.Vt. December 29, 1982) (*Kinne III*). In vacating its earlier decision, the district judge in *Kinne III* specifically stated that it would be "unlikely that Congress would expressly make the EAJA applicable to social security actions without commenting on the distinction between *pro bono* and paid counsel unless it did not intend to draw the distinction." *Id.* at 3–4.

In *Cornella v. Schweiker,* 553 F.Supp. 240 (D.S.D.1982), the court questioned the act's applicability and adopted the reasoning of *Kinne II* as an alternative holding. *Id.* at 245. The judge's main thesis was that the EAJA is designed to remove the economic deterrents of challenging unjustified government action. For legal aid clients no deterrents exist because they are able to obtain representation. *Id.* at 246.

■ This court is persuaded with the reasoning in *Hornal* and *Kauffman.* The

EAJA is designed not only to remove economic deterrents to plaintiffs but to discourage the government from taking unjustified positions. Applying two different standards, one for retained counsel and one for *pro bono* counsel, allows the government to take unjustified positions against clients of *pro bono* attorneys with virtual impunity. Also, there are some economic deterrents which face a client represented by legal aid. The attorney may devote only that time sufficient to meet the minimum standards of representation because of other demands on the office's limited resources. The availability of attorneys' fees under the EAJA theoretically alleviates some of these constraints and enables counsel to spend the time necessary to combat government misconduct. In conclusion, the court can find no language in the statute which precludes a recovery by legal aid organizations; therefore, it is doubtful that Congress intended that they be excluded from the act.

■ Having determined that the EAJA is an available remedy for the plaintiff, the court now must determine whether the act permits recovery of attorneys' fees on these facts. This issue involves whether the defendant's position in this litigation was "substantially justified" within the meaning of the statute. 28 U.S.C. § 2412(d)(1)(A). As the legislative history indicates, the standard "is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis in law and fact, no award will be made." H.R.Rep. No. 1481, *supra* at 10–11 *reprinted in* 1980 U.S.Code Cong. & Ad. News 4989. *But see Wolverton v. Schweiker,* 533 F.Supp. at 424 (because the Senate Judiciary Committee rejected an amendment to change the standard to "reasonably justified," the test must be greater than reasonableness).

■ A finding that the ALJ's decision was not supported by substantial evidence does not automatically require the awarding of fees. *Cornella v. Schweiker,* 553 F.Supp. at 244 (citing *Wolverton v. Schweiker,* 533 F.Supp. at 425). As stated

in this court's opinion remanding the case, the ALJ placed great weight in the Administration's doctor who concluded that the claimant was not disabled under the regulation's listing of impairments. This court, however, held that the doctor's analysis conflicted with the overall conclusions to be drawn from the record. Because the issue on appeal involved an analysis of the record as a whole and the weight to be given certain evidence, and there is some support for the ALJ's position, the court cannot conclude that the Secretary's position on this appeal was not substantially justified. *Wolverton v. Schweiker,* 533 F.Supp. at 425 n. 14; *Cornella v. Schweiker,* 553 F.Supp. at 244. *Cf. Vega v. Schweiker,* 558 F.Supp. at 54 (plaintiff not given a fair and adequate hearing by ALJ). Moreover, the court believes that rarely will a plaintiff in a social security case be able to meet the EAJA standard. Unless the government has no authority for its position, or the record reveals no evidence to support the ALJ's findings, the government generally will be justified in defending an appeal to the district court.

## ORDER

Based on the above discussion,

IT IS HEREBY ORDERED that the plaintiff's motion to alter or amend the order for attorneys' fees is DENIED;

IT IS FURTHER ORDERED that the court's order of September 29, 1982, awarding attorneys' fees under section 206(b) of the Social Security Act be VACATED;

IT IS SO ORDERED.