Una Mae HICKS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 82–0337–A.

United States District Court, W.D. Virginia, Abingdon Division.

May 23, 1984.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The plaintiff, Una Mae Hicks, by memorandum opinion and order entered herein on November 9, 1983, prevailed in her 42 U.S.C. § 405(g) appeal of an adverse final decision of the Secretary of Health and Human Services, when this court found her to be disabled for all forms of substantial gainful activity. Thereafter, on December 5, 1983, plaintiff filed an application to recover fees and other expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1] The Defendant Secretary of Health and Human Services contends that the Secretary's position in plaintiff's case was substantially justified, under the provisions of the EAJA and the recent decision of the Fourth Circuit Court of Appeals in *Guthrie v. Schweiker,*[2] 718 F.2d 104 (4th Cir.1983). The EAJA provides that fees and other expenses may be awarded unless the court finds that the position of the United States was substantially justified or that there were special circumstances making an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The court's review of the memoranda of the parties and of the administrative transcript in plaintiff's case, leaves the court persuaded that plaintiff's application for attorney's fees and other expenses under the EAJA does not meet the requirements of either prong in § 2412(d)(1)(A), i.e.: [1] that the position of the United States was not substantially justified; or [2] that special circumstances making an award unjust existed.

I

*The Government's Position Substantially Justified*

In *Guthrie* the Fourth Circuit made a determination on the very narrow

---

1. 2412(d)(1)(A) provides [that] a court shall award to a prevailing party ... fees and other expenses ... in any civil action ... brought by or against the United States ... *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.* (emphasis added).

2. The court's decision turned on its holding that remand orders in social security cases are not final orders. *Id.* at 106, citation omitted; and that social security court cases are within the purview of the EAJA.

issue of the applicability of the EAJA to social security cases. The Fourth Circuit Court, in *Guthrie,* observed that:

> In the district court the government's position generally is established at the administrative level and judicial review is limited to consideration of the administrative record by cross motions for summary judgment. Therefore, the government's position in the district court normally would be substantially justified if, as is usual, the United States attorney does no more than rely on an arguably defensible administrative record. In such a situation, the EAJA would not require an award of attorney's fees. Moreover, entry of summary judgment for the claimant raises no presumption that the government's position was not substantially justified.

*Id.* at 108. *Guthrie* further held that, "It is possible, however, for the administrative record to be so deficient that the government would not be substantially justified in relying on it." *Id.* at 108. The administrative record in Hicks' case is not so deficient that it would preclude the government's being substantially justified in relying on it. Hicks, in her memoranda in support of her application, attached a good deal of importance to this court's memorandum opinion and order in *Orr v. Schweiker,* Civil Action No. 82–0233–B, Slip Opinion (WD VA, 10–5–83). This court does not recognize its unpublished slip opinions as binding authority. The court's opinion in *Orr* was correct, and the court does not retreat from it, except for the fact that the court should have disallowed the petition in that case for reasons set out in II hereafter; and that the court reserves judgment on the allowance of a fee for time spent in preparation of a fee petition, because same is not necessary to the decision of the case *sub judice.* Unlike *Orr, Hicks* did not have an impairment or combination of impairments that met the Secretary's medical

listings set out in Appendix 1 to Subpart P of Administrative Regulations No. 4, 20 C.F.R. The Secretary's administrative record in *Orr* was clearly deficient, because of the patent disability of *Orr* as disclosed by the administrative record, and the court found that the Secretary was not substantially justified in relying on the obviously deficient administrative record; however, in Hicks' case, the court had to make a careful analysis and evaluation of all of the medical evidence in order to reach its conclusion that the Secretary's final decision was not supported by substantial evidence, and that Hicks was disabled within the definition of the Social Security Act and the Secretary's implementing regulations. The Secretary and her counsel obviously relied on the expertise of the Secretary's decision making agents in the administrative process, including the initial determination made by the State Disability Determination Services, the reconsideration determination, the Administrative Law Judge's (ALJ's) decision after hearing, and the Appeals Council's action on request for review of the ALJ's decision; and they had a right so to do. The legislative history of the EAJA makes it clear that the standard for awarding fees in a court case under the Social Security Act is whether the government's action is substantially justified.[3] The court finds, from its review of the administrative record, that the government would be substantially justified in relying on it, under the teachings of *Guthrie* and in light of the legislative history of the EAJA.

## II

### *Special Circumstances Making an Award Unjust*

■ The real beneficiary of any EAJA fee awarded in the case *sub judice* would be Client Centered Legal Services of Southwest Virginia, Inc. (CCLS), an entity funded by the United States Government under

---

**3.** *See* note 1, *supra.*
   A. THE STANDARD * * * [f]ees will be awarded unless the Government can show that its action was substantially justified or that special circumstances make an award unjust.

\*    \*    \*    \*    \*    \*

The test of whether or not a Government action is substantially justified is one of reasonableness. 1980 U.S.Code Cong. and Ad.News, 4953, 4989. Also, *see Guthrie* note 4, *Id.* at 107.

the "Legal Services Corporation Amendments Act of 1977." P.L. 95–222, 95th Congress, 1st Session, 1977, U.S.Code Cong. & Admin.News 1977, p. 4503. The issue of legal services corporation entities making application for a fee under EAJA was not addressed by either of the parties in Hicks' case. However, CCLS, in *Orr*, raised the issue in its brief in support of *Orr's* petition. *See Orr v. Schweiker*, CA # 82–0233–B, plaintiff's brief at 12 and 13. This court did not address this issue in *Orr*, but it now concludes and holds that, based on the legislative history of the "Legal Services Corporation Amendments Act of 1977," Congress did not intend a legal services corporation entity to recover legal fees and costs from the United States. The following language from the legislative history makes this clear:

LIABILITY OF THE UNITED STATES FOR LEGAL FEES AND COSTS

The Senate amendment adds a new section to the bill which permits the recovery of litigation costs, including attorneys' fees, by certain individuals or organizations when they prevail in civil litigation in which the United States is a party.

There is no comparable House provision.

The Senate recedes.

The conferees have taken note that similar proposals are being seriously evaluated by the Judiciary Committees in both Houses, as well as by the U.S. Department of Justice. The conferees have agreed that, while these inquiries may be desirable, further analysis and disposition should be left to the committees of jurisdiction. In view of this, and also because the provision is not germane under the Rules of the House, the conference substitute does not include the Senate provision.

(House Conference Report # 95–825, 95th Congress, 1st Session, 1977, Reprinted in 1977 U.S.Code Cong. and Ad.News, 4530 at 4539–40). The foregoing legislative history makes it clear that Congress did not intend

for a legal services corporation entity to obtain supplemental appropriations to fund its operations by means of obtaining legal fees and costs from the United States. The court is of the opinion that any supplemental funding for CCLS, or any other legal services corporation entity, should come from specific appropriations by Congress and not from the courts by the use of EAJA as a conduit.

■ The CCLS, as a legal services corporation, was established and funded to represent the elderly, handicapped, and otherwise indigent and needy low-income clients. *See* Legislative History, *supra* at 4538. Clearly, CCLS undertook its representation of Hicks because she met the eligible client guidelines, and as an eligible client, she received services paid for out of funds appropriated by the Congress of the United States. The CCLS resources expended and exhausted in its representation of Hicks were expended for one of the purposes for which CCLS exists and for which Congress established and funded the Legal Services Corporation Act. The court is not unmindful of the fact that other courts have allowed EAJA fees to *pro bono*, and even legal services corporation entities. *See Ocasio v. Schweiker*,[4] 540 F.Supp. 1320 (SDNY 1982) which has become, perhaps, the leading case on the applicability of the EAJA to social security court cases. The court is not aware of any case which addresses the specific issue of public services corporation entities applying for cost and fees under EAJA being contrary to the legislative intent of Congress.

CONCLUSION

In conclusion, the court finds that the Secretary was substantially justified in defending this case in court; and the fact that CCLS is a legal services corporation entity, and is not eligible for the payment of costs and fees under EAJA, is a special circumstance making an award unjust.

---

**4.** *See Guthrie* note 3, *Id.* at 107.

Hicks' application, accordingly, will be dismissed. An appropriate judgment and order will be entered this day.