Mary E. DUNN, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant.

No. 83–438–CIV–5.

United States District Court,
E.D. North Carolina,
Raleigh Division.

Jan. 17, 1985.

Gregory C. Malhoit, E. Central Community Legal Services, Inc., Raleigh, N.C., for plaintiff.

Gary H. Clemmons, Asst. U.S. Atty., Raleigh, N.C., for defendant.

## ORDER

BRITT, Chief Judge.

This matter is before the Court on plaintiff's motion for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA). See 28 U.S.C. § 2412(d)(1)(B).

This civil action was filed on April 25, 1983, after defendant administratively denied plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income Benefits. Plaintiff and defendant filed cross-motions for summary judgment which were referred to Magistrate Charles K. McCotter, Jr., for his recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

On October 18, 1984, Magistrate McCotter issued an Order remanding this matter to the Secretary for further proceedings consistent with the substance of his Order. Plaintiff filed objections to the Magistrate's Order, contending that the findings and conclusions contained in the memorandum mandated reversal for payment of benefits and not simply remand. Upon review, the Court concluded that the plaintiff's motion for summary judgment should be granted and directed the defendant to award benefits to the plaintiff.

The EAJA permits an award of attorney fees to a qualified prevailing party, other than the United States, in civil actions brought by or against the United States "unless the Court finds that the position of the United States was substantially justified or that the special circumstances make

an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Plaintiff contends that the EAJA is applicable to Social Security proceedings despite the fee provisions in the Social Security Act; that she was the prevailing party; that she qualified for this relief in terms of her financial need; and that such an award is appropriate in her case because defendant's position was not substantially justified. After a review of the record, the Court concludes that plaintiff is entitled to attorney fees under the EAJA.

■ Plaintiff's application for attorney fees under the EAJA is a request that her attorney fees be paid by the government. The attorney fee provisions of the EAJA apply to services rendered in court in Social Security cases. *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983). The record shows that the plaintiff is the prevailing party and financially qualified for relief. The question becomes whether the defendant's position was substantially justified.

■ Ordinarily the government's position in the district court is substantially justified if the United States Attorney does no more than rely on an "arguably defensible record." *Guthrie v. Schweiker*, 718 F.2d at 108. The finding that a final decision of the Secretary is not supported by substantial evidence raises no presumption that the government's position was not substantially justified. *Id.; Bennett v. Schweiker*, 543 F.Supp. 897 (D.D.C.1982).

■ The government has the burden of showing substantial justification for its position. *Alspach v. District Director of Internal Revenue*, 527 F.Supp. 225 (D.Md. 1981). The government must show that the position had a reasonable basis both in law and fact. *Smith v. Heckler*, 739 F.2d 144 (4th Cir.1984); *Trujillo v. Heckler*, 582 F.Supp. 701 (D.Col.1984); *Zimmerman v.*

*Schweiker*, 575 F.Supp. 1436 (E.D.N.Y. 1983). The administrative record may be so deficient that the government may not reasonably rely on it. *Guthrie v. Schweiker, supra.* The Court's task here is made more difficult because the government has not responded to plaintiff's motion for counsel fees.

The government's position in this case was unreasonable and unjustified in at least three ways. Magistrate McCotter's extensive memorandum found that the ALJ (1) failed to properly consider the opinion of plaintiff's treating physician; (2) failed to properly evaluate plaintiff's congestive heart failure in light of her other impairments, especially her hypertension; and (3) improperly applied the medical-vocational guidelines (grids).

■ In reviewing the magistrate's order and directing the award of benefits, the Court concluded that "the evidence of plaintiff's disability is overwhelming." The Court now finds the government's position was not substantially justified, as it was not based on an arguably defensible administrative record. *Id.* There are no "special circumstances" which would make an award of attorney fees unjust.[1] Accordingly, the Court concludes that an award of attorney fees under the EAJA is proper. The remaining issue before the Court is the amount of the award of attorney fees.

■ In cases involving award of attorney fees, the Fourth Circuit has held that the guidelines established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), must be followed. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir.1978), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). The utilization of the *Johnson* factors has been modified by the Supreme Court decisions in *Hensley v. Eckerhart*, 461 U.S. 424, 103

1. In *Hicks v. Heckler*, 586 F.Supp. 853 (W.D.Va. 1984), the court held that Congress did not intend a legal services corporation entity to recover legal fees and costs from the United States. This Court concludes that the *Hicks* decision is contrary to the overwhelming weight of authority which concludes that legal aid organizations can recover under the EAJA. *Jones v. Schweiker*, 565 F.Supp. 52 (W.D.Mich.1983); *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982); *Hornal v. Schweiker*, 551 F.Supp. 612 (M.D. Tenn.1982); *Kauffman v. Schweiker*, 559 F.Supp. 372 (M.D.Pa.1983); and *Howard v. Heckler*, 581 F.Supp. 1231 (S.D.Ohio 1984).

S.Ct. 1933, 76 L.Ed.2d 40 (1983), and *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).[2] The first step in this evaluation is to determine the number of hours reasonably expended and multiply that number times the customary fee for similar work. *Anderson v. Morris,* 658 F.2d 246 (4th Cir.1981); *Blum v. Stenson, supra.* In its discretion, the Court may consider a number of factors in determining a reasonable hourly rate, including the experience and skills of the attorney, the quality of representation, the novelty and complexity of the issue, and the results obtained. *Id.* Also the court should consider, to the extent applicable, the *Johnson* factors. *Redic v. Gary H. Watts Realty Co.,* 586 F.Supp. 699 (W.D.N.C.1984). The Court will now utilize the *Johnson* factors in light of *Hensley* and *Blum* to determine whether the claimed rate and number of hours and their product are reasonable.

██ The itemized time sheet which plaintiff's counsel has submitted shows a total of 44 hours of attorney time and seeks compensation at the rate of $75 per hour. Plaintiff seeks $200 in expenses for a medical-vocational expert witness who reviewed plaintiff's case. Plaintiff also seeks to multiply the base attorney fee which may be awarded by the court by a factor of 25%, primarily because of preclusion of other employment and time limitations imposed by the client. While these factors alone do not justify an upward adjustment of a reasonable base fee, they can be pertinent in determining whether the claimed rate and number of hours are reasonable. *Blum v. Stenson, supra.*

██ Based upon review of counsel's affidavit, the Court concludes that counsel reasonably expended 44 hours in the conduct of this litigation. Based on a survey of hourly rates recently conducted by the North Carolina Bar Association and other awards under the EAJA, a reasonable rate of $75 per hour can be used. In the absence of other factors, this rate is the maximum allowable under the EAJA. 28 U.S.C. § 2412(d)(2)(A)(ii). Accordingly, the base

amount is computed as follows: 44 hours times $75 equals $3,300.00. The Court will now review the remaining *Johnson* and *Barber* factors to determine if the base amount is reasonable.

1. *The novelty and difficulty of the questions raised*

This action involved neither novel nor difficult issues.

2. *The skill required to properly perform the legal services rendered*

██ Social Security litigation requires a certain degree of specialized expertise and skill. *See Blankenship v. Schweiker,* 676 F.2d 116 (4th Cir.1982). Counsel's memorandum effectively aided the court in reviewing the administrative record. However, this factor alone does not require an adjustment in fee.

3. *The attorney's opportunity costs in pressing the instant litigation*

Plaintiff's counsel is an attorney employed by East Central Community Legal Services, a federally-funded legal services program charged with providing civil legal services to over 93,000 low-income citizens in a five-county area. The legal services program employs only eight attorneys. Because of its limited staff, the legal services agency is not able to represent all low-income persons who request the program's services. Therefore, there has been some opportunity cost to plaintiff's counsel in this litigation.

4. *The customary fee for like work. See supra*

5. *The attorney's expectations at the outset of the litigation*

██ Although the evidence of plaintiff's disability is overwhelming, the plaintiff had lost twice at the administrative level. The expectation of success must have seemed questionable.

**2.** *Hensley* and *Blum* interpret the attorney fee    provisions of 42 U.S.C. § 1988.

6. *The time limitation imposed by the client or circumstances*

Although counsel suggests delay in other litigation occasioned by the time spent on this action, nothing in the record reflects severe time limitations resulting in pressured working conditions for counsel.

7. *The amount in controversy and the results obtained*

■ Counsel was completely successful in obtaining the relief requested, which results in a substantial award for the plaintiff. For a disabled individual with little or no income, the beneficial results of a favorable decision are obvious. The hours reasonably expended by plaintiff's counsel in pursuing all of her theories are properly includable in the basis for making the award. *Hensley v. Eckerhart, supra.*

8. *The experience, reputation, and ability of the attorney*

Plaintiff's counsel has over eleven years of experience as an attorney. His work in this case is very competent.

9. *The undesirability of the case within the legal community in which the suit arose*

Representation of clients in Social Security actions is not undesirable within the legal community.

10. *The nature and length of the professional relationship between attorney and client*

This is not relevant to this case, thereby not requiring any adjustment.

11. *Whether the fee is fixed or contingent*

In a Social Security case, there are two means by which an attorney can recover counsel fees for pursuit of court action. Under 42 U.S.C. § 406(b)(1), counsel can recover as attorney fee no more than 25% of the past-due benefits when the court renders judgment favorable to the claimant. Pursuant to the EAJA, counsel for a prevailing party may recover attorney fees unless the position of the United States was substantially justified or circumstances make an award unjust. The Court has considered this factor only in determining the reasonableness of the base fee, because this is not a case of "exceptional success." *Hensley v. Eckerhart, supra; Blum v. Stenson, supra.*

12. *Attorney fee awards in similar cases*

In counsel fee awards under § 406, the total fee which may be awarded is 25% of the past-due benefits. 42 U.S.C. § 406(b)(1); *Guthrie v. Schweiker,* 718 F.2d at 108, n. 11; *Morris v. Social Security Administration,* 689 F.2d 495 (4th Cir. 1982). The court has not been notified of the amount of past-due benefits herein. However, counsel presently is not pursuing fees under § 406(b)(1). He is seeking attorney fees under the EAJA.

■ The EAJA and § 406(b)(1) differ in purpose. Section 406(b)(1) limits the amount of attorney fee from funds which otherwise would have gone to the claimant as benefits. The EAJA is a fee-shifting statute. If attorney fees are awarded under the EAJA, they are in addition to the amount of judgment and not in diminution of the claimant's benefits. *Watkins v. Harris,* 566 F.Supp. 493 (E.D.Pa.1983).

■ The question arises whether an EAJA award of counsel fees is limited by § 406 and thereby cannot exceed 25% of the past-due benefits. This Court concludes that as long as there is no duplication of fee award, there is no provision in the EAJA that would limit counsel's award to 25% of past-due benefits. *See Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill. 1982), wherein the court awarded fees under the EAJA where prevailing counsel was not otherwise entitled to an award under § 406(b)(1) because the relief obtained did not include reimbursement of past-due benefits.

■ Where the fees are allowed under the EAJA, plaintiff's counsel still

would be entitled to an award under 42 U.S.C. § 406 allocable to his services during the administrative proceedings, because the EAJA does not award fees for work at the administrative level in Social Security cases. *Guthrie v. Schweiker, supra.* However, under § 406, the combined award for counsel fees for the administrative and court proceedings cannot exceed 25% of the past-due benefits. *Morris v. Social Security Administration, supra.* Within the same 25% limitation, counsel may also be eligible for additional fees for court proceedings under 42 U.S.C. § 406(b)(1) in the event the EAJA award does not exceed 25% of the past-due benefits. Any such additional fee award would come from the plaintiff's past-due benefits and could not duplicate the EAJA award. *Guthrie v. Schweiker, supra.*

The only limitation of fees under the EAJA is a $75-per-hour limitation in the absence of cost-of-living increase or special factors justifying a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). No such factor is present in this case, and no higher rate is warranted. The only other limitation would be the avoidance of duplication of fees. In such an instance, duplication can be avoided by requiring plaintiff's counsel receiving an award under the EAJA for work in court to reimburse the claimant up to the amount awarded under 42 U.S.C. § 406(b)(1) allocable to plaintiff's counsel's services in court. Any EAJA award in excess of the § 406(b)(1) award could be properly retained by counsel as attorney fee. *Guthrie v. Schweiker, supra.*

Premised on awards in similar cases, the court finds the base amount previously calculated above to be reasonable and in line with awards in these cases. *See, Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y. 1982); *Shumate v. Harris,* 544 F.Supp. 779 (W.D.N.C.1982). In addition, the base amount is consistent with awards in other cases in the Eastern District of North Carolina. *See, e.g., Cain v. Heckler,* No. 81–85–CIV–3 (May 3, 1984); *Jones v. Heckler,* 83–41–CIV–7 (September 28, 1984). This Court concludes that counsel's claimed rate and number of hours are reasonable.

Where the applicant has shown that the claimed rate and the number of hours are reasonable, the resulting product may be found to be reasonable. *Blum v. Stenson, supra.* However, this does not end the inquiry. *Hensley v. Eckerhart, supra,* — U.S. at —, 103 S.Ct. at 1940. In some cases of "exceptional success," the court may consider an enhancement of the fee award. *Id.; Blum v. Stenson, supra.* Only in cases of "exceptional success" can an enhancement award be justified. *Id.* This is not a case where the success achieved is exceptional; therefore, plaintiff is not entitled to the 25% requested enhancement award. Nor are there present any cost-of-living or special factors under the EAJA which would entitle plaintiff to an increased award. 28 U.S.C. § 2412(d)(2)(A)(ii). The fee of $3,300 is fully compensatory. In addition to fees, plaintiff is entitled to recover reasonable expenses in the amount of $200 for use of a medical-vocational expert which was necessary for the preparation of her case. 28 U.S.C. § 2412(d)(2)(A). *Correa v. Heckler,* 587 F.Supp. 1216 (S.D.N.Y.1984).

IT IS, THEREFORE, ORDERED that defendant pay to counsel for plaintiff the following sums:

| | |
|---|---|
| Attorney Fees | $3,300.00 |
| Expenses | 200.00 |
| TOTAL: | $3,500.00 |