**Una Mae HICKS, Appellant,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

No. 84–1640.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1985.

Decided March 12, 1985.

Martin Wegbreit, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, Va., for appellant.

David L. Hyman, Asst. Regional Atty., Dept. of Health and Human Services, Philadelphia, Pa. (Beverly Dennis, III, Regional Atty., Dept. of Health and Human Services, Philadelphia, Pa., John P. Alderman, U.S. Atty., E. Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va., on brief), for appellee.

Before WINTER, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

The district court denied attorney's fees under the Equal Access to Justice Act to Una Mae Hicks, a claimant who, in the district court, successfully set aside the Secretary's contrary determination of her eligibility and obtained an award of social security disability benefits. 586 F.Supp. 853. The court denied her claim for attorney's fees on the ground that the Secretary was substantially justified in arguing that claimant had not proved her inability to engage in her former occupation. Alternatively, the district court ruled that because her attorney was the Client Centered Legal

Services of Southwest Virginia, Inc., a professional corporation funded by the United States through the Legal Services Corporation, an award to it would violate the legislative intent of the Legal Services Corporation Act Amendments of 1977, Pub.L. 95–222, and therefore there existed special circumstances rendering an award of counsel fees to it unjust. 28 U.S.C. § 2412(d)(1)(A).[1]

We conclude that the position of the Secretary in the district court was not substantially justified. We therefore reverse and remand the case so that a proper award may be made. We direct that the award to be made not include fees for legal services in litigating the issue abandoned on appeal.

I.

Claimant, a 54-year-old woman with a fifth grade education, who had been employed for over fifteen years as a maid and sitter, primarily for elderly persons, sought disability benefits as a result of a back injury from a fall on February 25, 1980. An administrative law judge, whose decision was adopted by the Secretary, denied her claim, ruling that she had "the residual functional capacity to perform light work," that her former jobs as housekeeper and companion for elderly individuals "required light physical exertion," and that as a consequence she was not disabled. From a reading of his opinion, the exact ground on which the ALJ bottomed these conclusions is difficult to fathom. He apparently relied on his characterization of claimant's testimony and his own observations during the hearing—the latter, the now discredited "sit and squirm" brand of jurisprudence.

The district court in reversing the Secretary and awarding benefits correctly analyzed the record made before the ALJ. It concluded that claimant's stated inability to perform her previous employment was supported by *all* of the medical evidence in the case:

In this case, all of plaintiff's treating physicians have agreed that Mrs. Hicks suffers from a severe and painful back problem. The reports of Drs. Henderson and Gage include notations of specific objective manifestations which are consistent with a finding of total disability. The observations of the physicians were also consistent with plaintiff's testimonial allegations of severe pain and subjective limitations. It is well established that subjective complaints such as pain and physical discomfort can give rise to a finding of total disability, even when those symptoms are not fully supported by objective observable signs. *Thorne v. Weinberger*, 530 F.2d 580 (4th Cir.1976); *Brandon v. Gardner*, 377 F.2d 488 (4th Cir.1967); *Higginbotham v. Califano*, 617 F.2d 1058 (4th Cir.1980). In the instant case, plaintiff's subjective complaints are consistent with definite medical observations. Plaintiff's treating physicians have uniformly determined that she suffers from a severe and disabling impediment. Opinions from treating physicians must be accorded great weight, especially when those opinions are buttressed by specific objective findings. *Martin v. Secretary*, 492 F.2d 905 (4th Cir.1974). In light of this combination of circumstances, the court can only conclude that Mrs. Hicks has met her burden of establishing total disability for all forms of substantial gainful employment, as of February of 1980.

In a charitable effort to provide some rationale for the ALJ's decision, the district court made these further comments:

In passing, the court notes that while the Law Judge's opinion does not so state, the Law Judge must have adopted the findings of Dr. Knickerbocker since that doctor's report is the only medical analysis which is not clearly consistent with plaintiff's allegation of total disabili-

---

1. On appeal the Secretary does not attempt to defend this ground of decision. It was a defense raised by the district court, which requested the parties to brief it, and not by the Secretary. Since it has been abandoned, we do not decide it, although Hicks makes a persuasive argument that the district court misconstrued the legislative history of the 1977 Act and failed to give proper consideration to the legislative history of the Equal Access to Justice Act.

ty. Dr. Knickerbocker did not list any opinion as to plaintiff's disability one way or the other. Nevertheless, Dr. Knickerbocker's physical findings do not support the Law Judge's conclusion that Mrs. Hicks may return to her previous work as a maid and companion to elderly persons. Such work involved bathing, dressing, and feeding disabled persons. (TR 144). Mrs. Hicks' work involved almost constant walking and standing, and frequent bending and lifting. (TR 144). Plaintiff also performed such routine household duties as vacuuming, laundering, and cleaning. Dr. Knickerbocker observed that Mrs. Hicks could no longer be expected to stand more than three hours in an eight-hour day or to walk more than two hours. It is undisputed that in her prior work, Mrs. Hicks sometimes had to lift an elderly or handicapped person out of a car or out of a bathtub. (TR 32). However, Dr. Knickerbocker opined that plaintiff could no longer lift more than twenty-five pounds. Dr. Knickerbocker related that plaintiff could no longer bend, a function which is clearly necessary for most household work. In short, Dr. Knickerbocker's report establishes that Mrs. Hicks is disabled for her past relevant work. Furthermore, since Dr. Knickerbocker's report also indicates that Mrs. Hicks is incapable of standing and walking on a sustained basis, it would seem that even under Dr. Knickerbocker's report, plaintiff is capable of no more than sedentary exertion.

That evidence and particularly the report of Dr. Knickerbocker demonstrated that

claimant could not perform "light work" as defined in 20 C.F.R. § 404.1567(b).[2] At most, she could perform "sedentary work", 20 C.F.R. § 404.1567(a),[3] and under the grids a claimant of her age and education with a work history of only unskilled work, is considered to be disabled. *See* Rule 201.-01 of Appendix 2 to Subpart P following 20 C.F.R. § 404.1598.

## II.

■ Before turning to the merits of the appeal, we take notice first of the Secretary's argument about the scope and standard of review. As we pointed out in *Smith v. Heckler,* 739 F.2d 144, 146 (4 Cir.1984), when the issue is whether the position of the government in litigation was "substantially justified" so as to insulate the government from an award of fees against it, there are usually both legal and factual components. When the component of the Secretary's legal position is assayed on appeal, the scope and standard of review are a de novo determination. *See, e.g., Boudin v. Thomas,* 732 F.3d 1107, 1117 (2 Cir.1984); *Spencer v. NLRB,* 712 F.2d 539, 563 (D.C.Cir.1983). *Contra Ramos v. Haig,* 716 F.2d 471, 474 (7 Cir.1983); However, when the reasonableness of the Secretary's factual position is at issue, the authorities are in disarray. *See, e.g., United States v. First National Bank of Circle,* 732 F.2d 1444 (9 Cir.1984); *Spencer,* 712 F.2d at 561–65.

In this case, we do not find it necessary to decide the issue of the scope and standard of review of the Secretary's factual position because the only issue before the

**2.** (b) **Light work.** Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine

dexterity or inability to sit for long periods of time.

**3.** (a) **Sedentary work.** Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

district court was a legal issue—was there substantial evidence to support the Secretary's determination. We therefore review this issue de novo.

### III.

■ We think that the Secretary's position was not reasonable. As we view the record, we perceive literally no evidence to support her position. The ALJ seems to have decided the case on the basis of claimant's purported testimony, but his summary of the testimony is not an accurate description of what claimant said. The district court wisely ignored this basis of the ALJ's decision and assessed the medical report of Dr. Knickerbocker on the assumption that the ALJ must have relied on it. But as the district court so ably demonstrated, that report established that claimant could not perform "light work" as found by the ALJ. Since we find no evidence even arguably to support the Secretary's legal position, we conclude that the district court's conclusion that her position in the litigation was substantially justified was erroneous and must be reversed.

We return the case to the district court to make a proper award of attorney's fees. In making the award, however, we think that the district court may make no allowance for services provided in litigating the issue of whether the Legal Services Corporation Act Amendments of 1977 rendered claimant's attorneys ineligible for a fee award. That issue was not raised by the Secretary and is not chargeable to her. Conversely, however, the district court should make an allowance for the services of claimant's counsel before us and in further proceedings before the district court.

**REVERSED AND REMANDED.**