**Harry (Henry) HUTCHINSON, Plaintiff,**

**v.**

**Otis BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 86–3065.**

United States District Court,
D. New Jersey.

Jan. 11, 1988.

Jeffrey W. Goldblatt, East Brunswick, N.J., for plaintiff.

Samuel A. Alito, Jr., U.S.Atty. by Stephanie A. Ebers, Sp. Asst. U.S. Atty., Newark, N.J., for defendant.

## AMENDED OPINION

DEBEVOISE, District Judge:

This matter is before the court on the motion of Jeffrey W. Goldblatt, Esq. for approval of a fee petition and allowance of attorneys fees in the amount of $460.00 for Goldblatt's representation of Henry Hutchinson before this court in an unsuccessful appeal from a denial of disability benefits by the Secretary of Health and Human Services ("the Secretary"). For the reasons stated below, the motion is denied.

In the petition and brief submitted in support of his motion, Goldblatt states that he and Hutchinson agreed before the challenge was brought that "if the case was won, 25% of accrued benefits would be applied for by [Goldblatt]. If the case was lost, application would be made for approval of the $500.00 retainer [deposited in Goldblatt's trust account before the action was brought]." Apparently, $40.00 of the $500.00 deposited in the account has already been used for costs.

Hutchinson's appeal from the denial of his benefits was filed on August 1, 1986. On October 9, 1987, I filed an order and an opinion affirming the administrative decision.

■ The Social Security Act, 42 U.S.C. sec. 301 *et seq.*, ("the Act") provides that:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.... In case of any such judgment,

no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. sec. 406(b)(1).[1] The Act does not grant authority for a district court to approve attorneys fees where a proceeding does not result in payment of past-due benefits. Thus, I must deny the motion to approve Mr. Goldblatt's fees.

The question remains, however, whether the Act allows Goldblatt to collect any fees at all. On its face, the prohibition in section 406(b) seems to apply only where the court has rendered a judgment in the claimant's favor, and thus would not prohibit collection of attorneys fees for representation before a district court where the proceeding did not result in payment of past-due benefits. Because, as shown below, this reading is not contradicted by other relevant statutory provisions, the legislative history, or the cases, I conclude that the Act does not prohibit collection of fees in this case.

Section 206(a) of the Act, which governs attorney fees for representation in connection with disability claims before the Secretary, is of little use in determining the intent of Congress in section 406(b). That provision allows the Secretary to "prescribe the maximum fees which may be charged for services performed in connection with any [disability] claim before the Secretary[,]" and sets forth the maximum fee that may be charged when a proceeding results in payment of past-due benefits. This maximum fee bears some similarity to the maximum fee in section 406(b)(1). The Secretary has interpreted section 406(a) to mean that the agency may approve attorney fees for representation before the agency whether or not the proceeding results in an award of past-due benefits. 20 C.F.R. sec. 404.1725(b)(2).

The effect of section 406(a) on the meaning of section 406(b) is ambiguous because it could be taken either (1) to create a

---

**1.** Section 206(b)(2) of the Act provides that "[a]ny attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor...." 42 U.S.C. sec. 406(b)(2).

presumption that attorney fees are payable regardless of whether the proceeding results in an award of past-due benefits, or (2) together with section 406(b), to establish a comprehensive framework for payment of attorneys fees, in which case its silence on the issue of fees where past-due payments are not awarded by the district court could be interpreted to preclude such fees.

The legislative history is also ambiguous. Current section 405(b) was added by the Senate as an amendment to the House bill in the Social Security Amendments of 1965. The Senate Report states that

> The committee bill would provide that whenever a court renders a judgment favorable to a claimant, it would have express authority to allow as part of its judgment a reasonable fee, not in excess of 25 percent of accrued benefits, for services rendered in connection with the claim; no other fee would be payable.

S.Rep. No. 404, 89th Congress, 1st Sess. 422 (1965), reprinted in 1965 U.S.Code Congressional and Administrative News 1943, 2062. Although it is arguable that this language favors an interpretation of the provision that prohibits fees where past-due benefits are not awarded, other language in the report focusses primarily on contingent fees, thus supporting the view that Congress meant only to eradicate excessive contingent fees, not fees such as the one in this case.[2]

■ To my knowledge, no case has dealt with this issue directly.[3] However, *Jones v. Schweiker*, 565 F.Supp. 52 (W.D.Mich. 1983) and *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982) slightly favor the above reading of the statute. In finding that the Social Security Act does not preclude an award of fees under the Equal Access to Justice Act, the court in *Jones* stated that the language in section 206(b) limiting attorney fees to those approved by the district court

> applies only to the 25% which an attorney may receive from his client's benefits award. It does not proscribe the awarding of fees from sources other than the claimant's benefits, such as the United States.

565 F.Supp. at 54. Language in *Ocasio* is also somewhat supportive of this position. 540 F.Supp. at 1322.

Thus, I find that section 406(b) was not intended to prohibit attorneys from collecting fees in cases where claimants are not awarded past-due benefits.

■ However, Goldblatt's claim that he is entitled to the $460.00 is governed by state contract law. Because there is no diversity of citizenship between Goldblatt and Hutchinson and the amount in controversy does not exceed $10,000, this court does not have jurisdiction to hear Goldblatt's state law claim. If the dispute is to be resolved in a tribunal, it must be resolved in a state tribunal.

Pursuant to New Jersey Court Rule 1:20A–1, the New Jersey Supreme Court has established a Fee Arbitration Committee for resolution of fee disputes between attorneys and their clients. Rule 1:20A–3 requires the Committee to arbitrate fee disputes upon a client's request (whether the lawyer consents or not), or upon a lawyer's request if the client consents. The Committee's determination in these cases is binding on both client and attorney, and is unappealable. R. 1:20A–3(a), (c).

---

2. The Conference report states that section 406(b) permits a court that renders a decision favorable to a disability claimant "to set a reasonable fee, not in excess of 25 percent of the past due benefits resulting from the decision, for the attorney who represented the claimant before the court." The report also states that the provision "provides that any attorney charging or receiving more than the fee set by the court is subject to a fine of up to $500, imprisonment up to 1 year, or both." Conference Report No. 682, reprinted in 1965 U.S.Code Congressional and Administrative News 2228, 2257–58.

3. In *Coup v. Heckler*, 834 F.2d 313, 321 n. 2 (3d Cir.1987), the Third Circuit noted that the statute can be read either "as only rendering illegal fees in excess of those allowed by a court[,]" or as "mak[ing] illegal any fee arrangement for representation in court on a claim for social security benefits, other than a contingent fee arrangement." The court did not decide which of these two interpretations is correct.

Mr. Hutchinson has informed the court by telephone that he opposes payment of the fee to Goldblatt. He is entitled to request arbitration of the matter by the Committee. However, because Mr. Hutchinson would presumably find such a procedure more burdensome than would an attorney, Mr. Goldblatt should determine whether Mr. Hutchinson desires arbitration of the fee dispute. If he does, Mr. Goldblatt should request arbitration by the Committee.

## CONCLUSION

Mr. Goldblatt's motion is denied. I shall sign the order submitted by Mr. Goldblatt, appropriately modified.