73 F.3d 357
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 James P. ESTEP, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-2060.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 24, 1995.
Decided Dec. 7, 1995.
 
 Joseph E. Wolfe, WOLFE & FARMER, Norton, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Richard A. Lloret, Assistant United States Attorney, Randolph W. Gaines, Acting Chief Counsel for Social Security, A. George Lowe, Deputy Associate General Counsel for Disability Litigation, George G. Davidson, Office of General Counsel, Social Security Division, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Baltimore, Maryland, for Appellee.
 Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant James P. Estep appeals from a district court order that adopted a magistrate judge's report and recommendation and dismissed Estep's appeal from an administrative law judge's (ALJ) denial of his application for social security benefits. Estep also appeals denial of his motion to reconsider that order. Because we find Estep's claims barred by res judicata, we affirm.
 
 
 2
 The relevant facts of this administrative appeal are convoluted. Estep has filed five applications for disability benefits. The first three applications were denied administratively without judicial appeal. Estep appealed an ALJ's denial of the fourth application to the district court in May 1987, and the court affirmed. Estep did not appeal this judgment any further. The district court stated in its order that it adjudicated "the issue of plaintiff's disability at all times on and before December 31, 1985." Because Estep engaged in self-employment in 1984, the date he was last insured was extended through December 1986.
 
 
 3
 The application that serves as the basis of this appeal was Estep's fifth application for benefits, which he filed in March 1991. An ALJ dismissed the application in November 1991. The ALJ noted in his dismissal order that Estep was last insured for disability benefits on December 31, 1986, and held that administrative exhaustion applied since a final administrative determination denying benefits based upon the same facts and issues ruled that Estep was ineligible for benefits through May 1987. Estep was denied reconsideration of this order, and he requested a hearing; the ALJ denied this request in November 1992 on the basis of res judicata, citing 20 C.F.R. Sec. 404.957(c)(1) (1992). The Appeals Council denied review of this dismissal in April 1993, and Appellant appealed that dismissal to the district court.
 
 
 4
 With his most recent application for benefits, Appellant submitted a psychiatric report from Dr. Pierce Nelson. The ALJ treated the application as a motion to reopen Estep's fourth application for benefits. The ALJ found such a motion inappropriate under 20 C.F.R. Sec. 404.988(c)(8) (1992).
 
 
 5
 The magistrate judge determined that the court lacked jurisdiction to review the Secretary's decision refusing to reopen Estep's prior application. According to the magistrate judge, Estep failed to establish that any mental impairment evidenced by Dr. Nelson's April 1991 report related back to December 1986. Finally, the magistrate judge agreed with the ALJ that Estep's claim was barred by res judicata.
 
 
 6
 Estep filed objections to the report and recommendation. The district court adopted the report and recommendation of the magistrate judge and granted the Secretary's motion to dismiss. The court also denied Estep's motion for reconsideration of that order. Estep appeals both orders. This Court reviews the district court's findings as to legal issues de novo. Hicks v. Heckler, 756 F.2d 1022, 1024 (4th Cir.1985). In reviewing a final decision as to disability benefits, the Court is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).
 
 
 7
 Estep asserts that because he has evidence showing he was unable to work because of mental problems in April 1991, Defendants should have allowed him to reopen his case to establish he was unable to work during the January 1, 1986, through December 31, 1986, period. This claims fails because we are without jurisdiction to review the Secretary's refusal to reopen the claim. Appellate jurisdiction is available only when the Secretary's refusal to reopen a prior administrative decision for benefits raises a question of constitutional significance. Culbertson v. Secretary of Health & Human Servs., 859 F.2d 319, 322 (4th Cir.1988) (citing Califano v. Sanders, 430 U.S. 99, 109 (1977)). Estep raises no such issues, and therefore this claim fails for lack of jurisdiction. See Teague v. Califano, 560 F.2d 615, 618 (4th Cir.1977) (section 405(g) does not permit judicial review of an agency decision refusing to reopen a claim).[1] In any event, Estep's evidence of psychiatric problems in 1991 makes no reference as to the onset of plaintiff's mental condition and therefore sheds no light on his capacity for work in 1986.
 
 
 8
 Estep's claims are also barred by res judicata because the ALJ's denial of his fourth application was upheld by the district court and was a judgment on the merits on claims made by and against the same parties and the fifth application (and current appeal) are based upon that same cause of action. See Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir.1991) (res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action); Aliff v. Joy Mfg. Co., 914 F.2d 39, 42-44 (4th Cir.1990) (claims precluded include those that existed at the time of the first suit and "might have been offered" in the same cause of action).
 
 
 9
 Finally Estep alleges that the 1986 insured status period was not previously adjudicated. The district court, in denying the fourth application, found the ALJ's finding of no disability through May 1987 unnecessary and observed that the ALJ needed only to consider Estep's alleged disability up to December 31, 1985 due to the expiration of his insured status. The district court stated it would "consider the current appeal to encompass the issue of plaintiff's disability at all times on and before December 31, 1985." But the record is undisputed that Estep was eligible for an extension of his insured status from December 31, 1985 to December 31, 1986, because of work he performed in 1984.[2] Therefore, to the extent that Estep disagreed with the district court regarding his insured status for the 1986 period, he could have objected to the district court's finding. He did not. Thus, the district court's ruling is final and Estep's claim regarding his insured status during 1986 is barred by res judicata as a claim that "might have been offered" in the previous cause of action. See SeaLand Services, Inc. v. Gaudet, 414 U.S. 573, 579 (1974).
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process. The court previously granted Appellant's motion to submit the case on the briefs.
 
 AFFIRMED
 
 
 [1]
 Barring a constitutional question, judicial review of the Secretary's (now Commissioner's) final decision is limited:
 (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow....
 (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter (Emphasis added).
 42 U.S.C.A. Sec. 405(g), (h) (West Supp.1995).
 
 
 [2]
 Estep engaged in self-employment in 1984 in which he earned approximately $12,000 in income